IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL PITTMAN                        :        CIVIL ACTION
                                       :
    v.                                 :        No. 23-4675
                                       :
J. RIVELLO, et al.                     :

## MEMORANDUM

**Judge Juan R. Sánchez**                                   **March 10, 2026**

Gabriel Pittman has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging the Pennsylvania Board of Probation and Parole violated his constitutional rights by aggregating two unrelated state sentences he received in 1998 and 2017 to create what he contends is a "new non-state court imposed sentencing term of imprisonment of 32 years minimum to 71 years maximum to be retroactively applied and enforced against [him]." Pet. 11 ¶ 10, Dkt. No. 1.[1] United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation (R&R) concluding the instant habeas petition is an unauthorized second or successive petition and recommending the petition be transferred to the Third Circuit Court of Appeals under 28 U.S.C. § 1631 for a determination whether to authorize its filing. In his objections to the R&R, Pittman argues the petition is not successive because he is challenging only the execution of his sentences, not the validity of the underlying judgments, and because his claims did not ripen until sometime in 2023. Objs. 2-3 ¶¶ 1-2, 7, Dkt. No. 15; *see also* Pet. 4 ¶ 1, Dkt. No. 1. As discussed below, after Pittman's second sentence was imposed in 2017, he filed at least three other habeas petitions before commencing this habeas action. Because Pittman could have raised his challenge to the aggregation of his sentences in one of these earlier habeas petitions, the instant petition is

---

[1] In citing to Pittman's habeas petition and other filings, the Court adopts the pagination supplied by the CM/ECF docketing system.

successive.  The Court will therefore overrule Pittman's objections, adopt the R&R, and transfer Pittman's habeas petition to the Third Circuit under § 1631.

**BACKGROUND**

On August 19, 1998, Pittman was sentenced in the Lehigh County Court of Common Pleas to an aggregate term of imprisonment of 26 to 59 years for the offenses of third-degree murder, aggravated assault, carrying a firearm without a license, and recklessly endangering another person.  Resp'ts' Ex. A, Dkt. No. 12-3.  Pittman alleges that, based on the Lehigh County sentence, his minimum sentence date was December 7, 2023.  Pet. 10 ¶ 8, Dkt. No. 1.

While serving his Lehigh County sentence, Pittman was convicted in the Schuylkill County Court of Common Pleas of aggravated assault, simple assault, and harassment based on his assault of a correctional officer.  Resp'ts' Ex. B, Dkt. No. 12-4.  On May 24, 2017, Pittman was sentenced to 6 to 12 years, to run consecutively to the sentence imposed in the Lehigh County case.  *See id.* (specifying the sentence in the Schuylkill County case "shall commence at the expiration of the sentence(s) imposed at Criminal Action No. 304-98, Lehigh County, and shall be consecutive to that sentence(s)").

The following month, the Department of Corrections completed a "DC16E – Sentence Status Summary" form to account for the Schuylkill County sentence.  Resp'ts' Ex. D, Dkt. No. 12-6.  The form, dated June 19, 2017, reflects a new "Controlling Minimum Date" of December 7, 2029, and a "Controlling Maximum Date" of December 9, 2068.  *Id.*  It also includes Pittman in the distribution list.  *Id.*

Pittman appealed his conviction in the Schuylkill County case, arguing the trial court lacked subject matter jurisdiction because the criminal information was insufficient.

*Commonwealth v. Pittman*, No. 958 MDA 2017, 2018 WL 1192206, at *1 (Pa. Super. Ct. Mar. 8, 2018).  The Superior Court affirmed the judgment of sentence on March 8, 2018.  *Id.* at *3.

On November 23, 2023, Pittman filed the instant 28 U.S.C. § 2254 habeas petition.  The petition identifies both the Lehigh County and Schuylkill County judgments of conviction but states Pittman is not challenging either one.  Pet. 4 ¶ 1, Dkt. No. 1.  Pittman instead claims he is challenging the execution of those sentences under various provision of the United States Constitution.  *Id.* at 8 ¶ 12 (citing Article I, Section 10, clause 1, as well as the Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Thirteenth, and Fourteenth Amendments).  He alleges his sentences were aggregated pursuant to polices that allow the Parole Board "to override sentencing and parole orders of the state judicial branch" so as to ensure the Commonwealth can continue to qualify for and receive federal funds under the Violent Offender Incarceration and Truth-in-Sentencing (VOITIS) program.[2]  *See id.* at 9-11 ¶¶ 1-5, 10-11.  He maintains this aggregation violated his "due process and equal protection rights to sovereign state-regulated execution of sentence from Lehigh County affording him a right to pre-parole process and an actual parole hearing to be commenced on or about December 7th, 2023," his original minimum date.  *Id.* at 11 ¶ 12.  He also contends the aggregation of his sentences violated his rights under the Fifth, Sixth, Seventh, and

---

[2] "The VOITIS Program provides funds to states to build or expand correctional facilities for violent offenders." *McCoy v. Smith*, No. 17-2162, 2018 WL 3304343, at *6 (E.D. Pa. July 5, 2018).  Under the Program, "[a] state can receive funds if it provides assurances that it will implement policies and programs 'to ensure that violent offenders serve a substantial portion of the sentences imposed' or the state 'demonstrates that it has implemented truth-in-sentencing laws that require persons convicted of a violent crime to serve not less than 85 percent of the sentence imposed.'"  *Id.* (quoting United States Department of Justice, *Department of Justice Resource Manual*, Office of Justice Programs Crime Act Offices Title 1 No. 15 (3d ed. 2018)).  Pittman contends the Commonwealth, through its participation in the VOITIS program, has ceded jurisdiction over the execution of his state-court sentences.  *See* Pet. 9 ¶¶ 1-2, Dkt. No. 1.

Fourteenth Amendments by subjecting him to a new mandatory minimum sentence without a trial or jury finding. *See id.* at 12 ¶ 14.

As noted in the R&R, the instant petition is the fifth habeas petition Pittman has filed in this district. His four previous habeas petitions, filed in May 2002, January 2013, September 2015, and October 2019, each challenged his 1998 conviction and sentence. *See Pittman v. Kyler*, No. 02-2825 (E.D. Pa. filed May 10, 2002); *Pittman v. Walsh*, No. 13-348 (E.D. Pa. filed Jan. 22, 2013); *Pittman v. Pa. Dep't of Corr.*, No. 15-5192 (E.D. Pa. filed Sept. 17, 2015); *Pittman v. Wetzel*, No. 19-4945 (E.D. Pa. filed Oct. 22, 2019). The first was denied on the merits, and the subsequent petitions were each deemed successive and either dismissed or transferred to the Third Circuit. Before filing the instant petition, Pittman also filed habeas petitions in the Western and Middle Districts of Pennsylvania. *See Pittman v. Smith*, No. 21-83 (W.D. Pa. filed May 5, 2021); *Pittman v. Rivello*, No. 22-1589 (M.D. Pa. filed Oct. 12, 2022).[3] In the Western District, Pittman challenged his "VOITIS-based" 1998 sentence as unconstitutional on various grounds. The petition was deemed successive and transferred to the Third Circuit. The petition in the Middle District was construed as seeking relief based on the risks posed by the COVID-19 pandemic and was dismissed without prejudice for failure to exhaust. *See Pittman v. Rivello*, No. 22-1589, 2022 WL 10208222, at *1 (M.D. Pa. Oct. 17, 2022).[4]

---

[3] Pittman filed an earlier habeas petition in the Middle District of Pennsylvania in 2017. *See Pittman v. Smith*, No. 17-94 (M.D. Pa. filed Jan. 19, 2017). But that petition, filed before the Schuylkill County sentence was imposed, was transferred to the Western District of Pennsylvania, where it was construed as a civil rights action and dismissed for lack of subject matter jurisdiction. *See Pittman v. Smith*, No. 17-53 (W.D. Pa.), Dkt. Nos. 8, 10.

[4] Pittman has since filed two additional habeas petitions in the Middle District of Pennsylvania. *See Pittman v. Rivello*, No. 24-1241 (M.D. Pa. filed July 24, 2024); *Pittman v. Commonwealth of Pa.*, No. 25-1613 (M.D. Pa. filed Aug. 29, 2025). Both have been dismissed.

On November 26, 2024, the Magistrate Judge issued an R&R concluding Pittman's instant habeas petition is a second or successive petition that the district court lacks jurisdiction to consider because Pittman did not obtain the Third Circuit's authorization to file it. R&R 2, Dkt. No. 14. The R&R recommends that this Court transfer the petition to the Third Circuit so that court can decide whether to authorize its filing. *Id.* Pittman objects to the Magistrate Judge's classification of his habeas petition as successive, and the Court reviews this issue de novo. *See* 28 U.S.C. § 636(b)(1) (requiring a district court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

**DISCUSSION**

"[T]he Antiterrorism and Effective Death Penalty Act of 1996, commonly abbreviated as 'AEDPA,' generally bars second or successive § 2254 habeas petitions." *Ross v. Admin. E. Jersey Prison*, 118 F.4th 553, 561 (3d Cir. 2024). Under 28 U.S.C. § 2244(b), before filing a "second or successive" habeas corpus application in the district court, the applicant must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals may authorize the filing only if the applicant makes a prima facie showing that either (1) "the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" *and* "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2), (b)(3)(C).

5

The phrase "second of successive application," as used in § 2244(b), "is a 'term of art,'" that "does not 'simply refer' to all habeas filings made 'second or successively in time' following an initial application." *Banister v. Davis*, 590 U.S. 504, 511 (2020) (first quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), then quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). For example, a later-in-time application is not second or successive if it challenges a judgment different from the one challenged in earlier habeas petition. *See Magwood*, 561 U.S. at 331. A later-in-time application will be deemed successive, however, if it is the type of filing that "would have 'constituted an abuse of the writ'" under pre-AEDPA law. *Banister*, 590 U.S. at 512 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007)). The abuse of the writ doctrine "bar[s] claims that could have been raised in an earlier habeas corpus petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Applying the doctrine, the Third Circuit has recognized that "a subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." *Id.* But where a sentence-administration claim could have been raised when an earlier petition attacking the underlying conviction was filed, a later-in-time petition raising the sentence-administration claim will be deemed successive. *See id.* at 817-20.

Pittman argues the instant habeas petition is not successive because he is not challenging the validity of his underlying convictions or sentences but is challenging only the execution of those sentences. Accepting Pittman's characterization of his claims, the question is whether Pittman could have raised his challenge to the aggregation of his sentences in any of his previously filed habeas petitions. Pittman maintains his claims did not ripen until sometime in 2023—either in April 2023, when he alleges he first became aware of the aggregation, or on December 7, 2023,

his original minimum date on his 1998 sentence. *See* Objs. 2-3 ¶¶ 2-3, 6-7, Dkt. No. 15. The Court disagrees.

In his habeas petition, Pittman claims he did not become aware his sentences had been aggregated until April 2023, when he inquired about obtaining "an incentive-based transfer from SCI-Huntingdon to SCI-Phoenix" in order to "get his parole process started there" in advance of his (original) December 7, 2023 minimum date. Pet. 10-11 ¶¶ 8-9, Dkt. No. 1. The record contradicts this assertion. After Pittman was sentenced for the assault charge in Schuylkill County, the Department of Corrections issued a new "DC16E – Sentence Status Summary" showing the aggregation of the sentences on June 19, 2017. Resp'ts' Ex. D, Dkt. No. 12-6. Pittman is listed as recipient of the DC16E form, which also identifies Pittman's new "Controlling Minimum Date" as December 7, 2029. *Id.* Pittman does not deny receiving a copy of the DC16E form.[5] Even if he did not receive it, he was clearly aware his Schuylkill County sentence was to run consecutively to his Lehigh County sentence, as he acknowledged as much in at least two of his prior habeas petitions. Specifically, in the habeas petition he filed in this district in 2019, Pittman identified his Schuylkill County sentence as a sentence he had to serve *after* completing the Lehigh County sentence. Resp'ts' Ex. J, ECF No. 12-12 at 13. And in the petition he filed in the Middle District of Pennsylvania in 2022, he acknowledged that in the Schuylkill County case, he was sentenced to "6 yrs. to 12 yrs., to run *consecutive* to his 26 yrs. to 59 yrs. Lehigh County punishment."[6]

---

[5] The DC16E form is included as an exhibit to Respondents' memorandum of law, as is the trial court's sentencing order in the Schuylkill County case. Notably, while Pittman claims to have seen the sentencing order for the first time only after Respondents produced it, he makes no similar claim as to the DC16E form. *See* Objs. 3 ¶ 5, Dkt. No. 15.

[6] As noted, Pittman claims to have seen the Schuylkill County court's sentencing order for the first time in 2024. But even if he did not see the order, he was nevertheless aware the sentence was imposed to run consecutively to his Lehigh County sentence.

*Pittman v. Rivello*, No. 22-1589 (M.D. Pa.), Dkt. No. 1 at 10 ¶ 8 (emphasis added).  Under well-established Pennsylvania law predating the imposition of Pittman's Schuylkill County sentence, when a consecutive sentence is imposed, "aggregation with other consecutive sentences is automatic and mandatory under 42 Pa.C.S. § 9757." *Gillespie v. Commonwealth*, 527 A.2d 1061, 1065 (Pa. Commw. Ct. 1987); *see also Atwell v. Lavan*, 366 F. App'x 393, 395 (3d Cir. 2010) (same).  Given these facts, it is apparent Pittman could have raised his challenge to the aggregation of his sentences in any of the three habeas petitions he filed between the imposition of the Schuylkill County sentence and the filing of the instant habeas petition.  The Court therefore concludes the instant habeas petition is successive.

Accordingly, the Court will overrule Pittman's objections, adopt the R&R, and transfer Pittman's habeas petition to the Third Circuit pursuant to 28 U.S.C. § 1631.[7]  An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[7] Since filing his objections to the R&R, Pittman has also filed a "Motion for Rule to Show Cause, Expedited Declaratory Judgment Relief, Permanent Injunctive Relief, and Summary Disposition of Habeas Corpus Application," as well as a "Petition and Motion to Supplement Habeas Corpus Action."  Because the Court lacks jurisdiction to consider Pittman's successive habeas petition, these motions will be denied.